RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
WILLIAM CARRICO
Assistant Federal Public Defender
State Bar No. 003042
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(Fax) 388-6261

Attorney for Corey Stubbs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY STUBBS,<br><br>Defendant. | 2:13-CR-00381-APG-CWH<br><br>**MOTION AND NOTICE FOR TIMELY DISCLOSURE OF PRIOR STATEMENTS MADE BY GOVERNMENT WITNESSES** |

   Corey Stubbs, a Defendant in this case, through his attorney, William Carrico, respectfully asks that this Court grant his Motion For Disclosure of the Prior Statements of any witnesses that the government calls in the upcoming hearing on his previously submitted Motion To Suppress Evidence for Fourth Amendment Violation (CR #50). This Motion and Notice is made pursuant to the authorities cited in the Memorandum of Points and Authorities that follow, as well as the Sixth Amendment to the Constitution of the United States of America. It is being submitted at this time after notice of the scheduling of the hearing on the Motion to Suppress.

   DATED this 25th day of February 2014.

                RENE L. VALLADARES
                Federal Public Defender

                */s/ William Carrico*
            By_____
                WILLIAM CARRICO,
                Assistant Federal Public Defender

**MEMORANDUM OF POINTS OF AUTHORITIES**

The *Jencks Act* is designed to facilitate the impeachment of testifying witnesses who have given "statements" to the government. Under the *Act*, a "statement" is defined as follows:

> (1) a written statement made by a witness and signed or otherwise adopted or approved by him; (2) a . . . recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. §3500(e) (2013). As the Act itself bars pretrial discovery of the testifying witnesses' statements until after they have testified, Corey Stubbs requests only that the prior statements, including, but not limited to, grand jury testimony, be available on March 5, 2014 for use at the suppression hearing scheduled in this case. (*See:* 18 U.S.C. §3500(a) (2013)).

Despite the apparent prohibition on obtaining prior statements before trial, the effective period of disclosure has been extended to pretrial hearings, like suppression hearings, by Federal Rule of Criminal Procedure 12(h). At such hearings, upon a motion by the defendant, the government is required to turn over previous statements, that it has in its possession, made by a government witness after he testifies. *Id.;* 18 U.S.C. §3500.

A law enforcement officer is considered a government witness. F.R.Cr.P. 12(h). Government "possession" does not require physical custody. *U.S. v. Cardenas-Mendoza,* 579 F.3d 1024, 1031 (9th Cir. 2009). If a witness used any notes to testify at a grand jury proceeding, both the notes and the transcripts of the testimony are considered in the governments control and are required to be turned over to defense counsel under the *Jencks Act. Id.*; *U.S. v. Wallace,* 848 F.2d 1464, 1470. Additionally, defense counsel must have time to examine the documents prior to cross-examination. *U.S. v. Washabaugh,* 442 F.2d 1127, 1129 (9th Cir. 1971). This is may be facilitated by allowing a short recess or by allowing defense counsel keep the witness subject to recall. *U.S. v. Span,* 970 F.2d 573, 582 (9th Cir. 1992); 18 U.S.C. §3500(c).

On the basis of this authority, Defendant Corey Stubbs requests that after the testimony of each government witness on direct examination, this Court order the attorney for the government to produce, for the examination and use of the Defendant, any statement of the witness

that is in his possession and that relates to the subject matter of the testimony, and for an order allowing defense counsel to keep the witness subject to recall. F.R.Cr.P. 26.2(a), *United States v. Conners*, 825 F.2d 1384, 1388 (9th Cir. 1987).

## **CONCLUSION**

Therefore, on the strength of the foregoing points, authorities and arguments made, the Defendant Corey Stubbs respectfully asks that the Court grant this Motion so that prior statements, including, but not limited to, grand jury testimony, will be made available to the Defendant on March 5, 2014 for use at the suppression hearing scheduled in this case.

DATED this 25th day of February, 2014.

Respectfully submitted;

RENE L. VALLADARES
Federal Public Defender

*/s/ William Carrico*
By_____
WILLIAM CARRICO,
Assistant Federal Public Defender
Counsel for Corey Stubss

3

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on February 24, 2014, she served a copy of the above and foregoing **MOTION AND NOTICE FOR TIMELY DISCLOSURE OF PRIOR STATEMENTS MADE BY GOVERNMENT WITNESSES** by electronic service (ECF) to the person named below:

DANIEL G. BOGDEN
United States Attorney
ROBERT KNIEF
Assistant United States Attorney
333 Las Vegas Blvd. So. 5th Floor
Las Vegas, NV 89101

*/s/ Claudia V. Lopez*
_____
Employee of the Federal Public Defender