DANIEL G. BOGDEN
United States Attorney
ROBERT A. KNIEF
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       vs.<br><br>COREY STUBBS,<br>                    Defendant. | 2:13-CR-00381-APG-CWH<br><br>GOVERNMENT' RESPONSE TO DEFENSE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DNA EXAMINATION |

   The United States of America, by and through Daniel G. Bogden, United States Attorney, and Robert Knief, Assistant United States Attorney, submits this response to defendant's Motion in Limine to Exclude Evidence of DNA examination.  (#110).  This response is timely filed.

### I.   SUBSTANTIVE FACTS

   During the early morning hours of September 28, 2013, samples of DNA were collected from defendant pursuant to a search warrant.  Notice of collection of these samples was provided to the defense.

   On February 11, 2014, by way of a reply brief (#56), defendant made it clear that he was seeking suppression of his DNA sample collected by police pursuant to the search warrant.  (*Id.* at 1-2).  In a Report and Recommendation to this Court, the Magistrate recommended that defendant's request to suppress the DNA collection be denied.  (#71, 15:6-17).

. . .

1

On the morning of Monday April 21, 2013, government counsel received a report indicating the results of analysis of DNA samples recovered from a firearm which serves as the basis for Count Two of the superseding indictment and a known DNA sample of defendant. Within one half hour, a copy of that report was provided to defense counsel. The following day, a Notice of Expert Witness and Amended Notice were filed. (#98 and #99).

## II.   ARGUMENT

Defendant raises three arguments in support of his motion to preclude DNA evidence. The first argument, "Late Notice prohibits testing of the validity of scientific evidence," (#110, 3:3) makes the argument that the expert witness notices filed by the government are insufficient to comply with Fed. R. Crim. P. 16(b)(1)(C) resulting in the government's failure to qualify the proffered evidence under Fed. R. Evid. 702. (*Id.* at 4:20-22).

Defendant cites no authority to support the proposition, and the government has found none, that the purpose of providing a notice of expert testimony is to qualify evidence under Rule 702. Nor has the defense cited any authority that exclusion of the evidence would be an appropriate remedy. The case law does not support defendant's request for exclusion of evidence.

> Exclusion is an appropriate remedy for a discovery rule violation only where "the omission was willful and motivated by a desire to obtain a tactical advantage." *Taylor v. Illinois*, 484 U.S. 400, 415, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (upholding trial court's exclusion of witness where defendant deliberately failed to identify witness prior to trial) (emphasis added); see also *United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) (holding district court erred in excluding testimony of forensic pathologist because no willful or blatant discovery violation occurred).

*United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002), *see also*, *United v. Schwartz*, 857 F.2d 655, 658 -659 (9th Cir. 1988)(Our review of the proceedings below reveals that the district judge never ruled, or even indicated, that the government had violated the pretrial discovery order or any other statute or rule. Rather, it appears that the court acted out of a generalized concern that the case

had been pending for more than five years, and that the defendants had been prepared to meet the evidence as it then existed but now were faced with the prospect of having to prepare anew. However, these reasons are essentially identical to those which were advanced by the district court in *Gatto* [*United States v. Gatto*, 763 F.2d 1040 (9th Cir. 1985)] to justify its order of exclusion and which were rejected by this court. In our system of government, it is the executive branch, not the judicial branch, which holds the right to determine what, and how much, evidence is needed to attempt to prove guilt in a criminal case. In the absence of a specific constitutional, statutory or other violation warranting the imposition of the exclusionary sanction, and subject also to the general rules regulating admissibility, the government is entitled to offer its best evidence to the court and jury.)

The circumstances of this case do not support defendant's request for exclusion of DNA evidence.

Defendant next seeks exclusion based on a claim that the "Evidence would confuse, not aid the jury." (#110, 4:24). Defendant cites no authority in support of his argument. Whether the evidence is confusing to the jury depends in great deal on how it is presented. The concepts of complex evidence and confusing evidence should not themselves be confused. While defendant can lay out page after page of jargon and acronyms that may make no sense absent context of an expert witness, that does not make the evidence confusing. There is no basis for exclusion on this basis and defendant's motion should be denied.

Finally, defendant alleges the "Court cannot conduct its Gatekeeping function under R. 702 absent a great deal more data." (#110, 6:3). The defense is correct.

"The admissibility of expert testimony is generally governed by Federal Rule of Evidence 702, which requires district courts to 'perform a gatekeeping function to ensure that the expert's proffered testimony is both reliable and relevant.' *United States v. Redlightning*, 624 F.3d 1090,

3

1111 (9th Cir.2010)." *United States v. Christian*, 2014 WL 1491887, 5 (9th Cir. (Nev.) 2014). Usually, in order to perform this function, the Court, at the request of one of the parties, conducts a *Daubert*[1] Hearing. "Part and parcel of the gatekeeping function and the *Daubert* hearing through which district courts fulfill that function is an explicit reliability determination on the record." *Mukhtar v. California State University*, 299 F.3d 1053, 1064–67 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003). There has been no request for such a hearing. Absent a request for such a hearing, the Court is in no position to conduct the gatekeeping function.

While a valid point, defendant's discussion of the "prosecutor's fallacy" and other comments relating to the significance, insignificance, or potential misinterpretation of DNA evidence is not a basis for exclusion. An excellent discussion of the issues surrounding the "prosecutor's fallacy" and the corresponding "defense fallacy" is found in *Unites States v. Chischilly*, 30 F.3d 1144, 1156-57 (9th Cir. 1994).

The points brought up by defendant may indeed be appropriate for cross-examination, voir dire of the witness, or possible objection during the trial, but they are not bases for exclusion of evidence. Once again, defendant has cited no authority supporting his requested relief.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597–98, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993),

### III.  CONCLUSION

For the reasons stated above, defendant's motion to preclude DNA evidence should be denied.

**DATED** this 24th day of April, 2014.

                                           Respectfully submitted,

                                           DANIEL G. BOGDEN
                                         United States Attorney

                                              //s//
                                         ROBERT A KNIEF
                                         Assistant United States Attorney

CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | )   2:13-cr-00381-APG-CWH |
| vs | ) |
| | ) |
| COREY STUBBS, | ) |
| | ) |
| DEFENDANT. | ) |

I, ROBERT A. KNIEF, do hereby certify that on April 24, 2014, a copy of the attached GOVERNMENT'S RESPONSE TO DEFENSE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DNA EXAMINATION was sent by electronic mail to the person hereinafter named, at the place and address stated below, which is the last known address:

Addressee:   William Carrico, AFPD
Counsel for Defendant **COREY STUBBS**

/s/ Robert A. Knief
_____
ROBERT A. KNIEF