RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
SHARI L. KAUFMAN
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorney for

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY STUBBS,<br><br>Defendant. | 2:13-cr-00381-APG-CWH<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SUPPRESSION OF THE DNA BUCCAL SWAB SEIZED FROM DEFENDANT STUBBS AS A RESULT OF A SEARCH WARRANT CONTAINING MATERIAL MISREPRESENTATIONS |

COMES NOW the defendant, Corey Stubbs, by and through his counsel fo record, Shari L. Kaufman, Assistant Federal Public Defender, and hereby files this memorandum of points and authorities in support of her request that this Court enter an order suppressing the DNA buccal swab law enforcement seized from Corey Stubbs as a result of a search warrant which contained material misrepresentations of fact.

DATED this 25th day of April, 2003.

RENE L. VALLADARES
Federal Public Defender

*/s/ Shari L. Kaufman*
By: _____
SHARI L. KAUFMAN,
Assistant Federal Public Defender

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

2          During the morning portion of the hearing the Court conducted today regarding

3    defendant Corey Stubbs' objections to the magistrate court's report and recommendation denying

4    his motion to suppress, the Court granted in part, and reserved in part Stubbs' motion to suppress.

5    Of relevance to the instant memorandum, the Court found that, after removing the multiple material

6    misrepresentations Detective Farrington included in the application for the telephonic search warrant,

7    the affidavit failed to articulate probable cause to search the Powell Plateau house for evidence

8    related to firearms.  Thus, the Court held that the shotgun seized as a result of the invalid warrant

9    must be suppressed.

10          The Court reserved extending its ruling to the DNA buccal swabs that Detective

11   Farrington also requested in his application for a search warrant.  Stubbs asks this Court to suppress

12   the buccal swabs.

13          First, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) and its progeny,

14   suppression of the buccal swabs is required because the application included not just material

15   misrepresentations, but also material omissions that undermine the probable cause determination.

16   In particular, the search warrant application omitted the fact that police had information from an

17   unidentified source that Kevin Stubbs possessed a firearm, that Kevin Stubbs had reportedly

18   threatened to fire at police officers, and that Kevin fled from the police when they attempted to stop

19   him.  This information was disclosed to defense counsel after the suppression hearing.  Had that

20   information been included in the application for the search warrant, it would have effectively

21   demonstrated that the officers only had probably cause to believe that Kevin—and not

22   Corey—possessed a firearm.

23          Second, suppression of the buccal swab is consistent with the Supreme Court's

24   holding in *Franks and* the purposes of the exclusionary rule. The rule governing situations involving

25   misleading search warrant affidavits was articulated by the Supreme Court in *Franks v. Delaware*,

26   438 U.S. 154 (1978).  There, the Court held that where the defendant proves by a preponderance of

27   the evidence "that a false statement knowingly and intentionally, or with reckless disregard for the

28   truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is

necessary to the finding of probable cause, the Fourth Amendment requires that ... the fruits of the search [must be] excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 155–56.  Here, the search warrant relied almost exclusively on material misrepresentations.  Those misrepresentations provided the backbone for Detective Farrington's request to search the house *and* to collect DNA from Corey. Because the Court has found that, having removing the lies, the warrant lacked probable cause as to the search of the house, it must likewise find that the warrant lacked probable cause as the seizure of DNA.

Moreover, suppression of the buccal swab is consistent with the purposes of the exclusionary rule.  "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. As laid out in our cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *Herring v. United States*, 555 U.S. 135, 144 (2009).  In this case, law enforcement deliberately lied in order to obtain a search warrant. The appropriate remedy for this conduct is suppression of all fruits of the warrant, including the buccal swab.

DATED this 25th day of April, 2003.


RENE L. VALLADARES
Federal Public Defender

*/s/ Shari L. Kaufman*
By : _____
SHARI L. KAUFMAN,
Assistant Federal Public Defender

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on April 25, 2014, she served an electronic copy of the above and foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SUPPRESSION OF THE DNA BUCCAL SWAB SEIZED FROM DEFENDANT STUBBS AS A RESULT OF A SEARCH WARRANT CONTAINING MATERIAL MISREPRESENTATIONS,** by electronic service (ECF) to the person named below:

> DANIEL BOGDEN
> United States Attorney
> ROBERT KNIEF
> Assistant United States Attorney
> 333 Las Vegas Blvd. So., 5th Floor
> Las Vegas, Nevada 89101

*/s/ Maribel Bran*
_____
Employee of the Federal Public Defender

4