RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
WILLIAM CARRICO
Assistant Federal Public Defender
State Bar No. 003042
SHARI L. KAUFMAN
Assistant Federal Public Defender
State Bar No. 004461
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorneys for Corey Stubbs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | 2:13-cr-00381-APG-CWH |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW IN FURTHER SUPPORT OF EXCLUSION OF DNA EVIDENCE** |
| COREY STUBBS, | |
| Defendant. | |

This Court has absolute discretion to exclude documents or witnesses as a sanction for failure to comply with the Court's pretrial or discovery orders. *United States v. Schwartz*, 857 F.2d 655, 559 (9th Cir. 1988). This Court also has broad discretion to select the appropriate remedy for surprise caused when the government fails to comply with discovery orders. *United States v. Tamura*, 654 F.2d 591, 600 (9th Cir. 1982). Defendant Corey Stubbs submits exclusion of the DNA evidence is the appropriate remedy in this case.

During the proceedings this morning, the Court inquired whether exclusion of the DNA evidence is dependent upon whether the government acted in bad faith in failing to timely disclose the DNA evidence. Mr. Stubbs has made a record demonstrating the government's bad faith. However, the existence of bad faith is not necessary for exclusion. The Court's citation to *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995), sets forth factors that may be considered in

1  deciding the appropriate remedy for the government's discovery violation, namely: "(1) the reasons
2  for the government's delay in producing the materials, including whether it acted intentionally or in
3  bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the
4  defendant can be cured with a less severe course of action, such as granting a continuance or a
5  recess." Additionally, as explained in *United States v. Gonzalez v. Flores*, 701 F.3d 112, 116 (4th
6  Cir. 2012), the remedial aspect of the government's failure to comply also requires consideration of
7  whether any lawyer would have hired an expert on any of the issues about which the government's
8  expert witnesses seek to testify.

9  Thus, while Mr. Stubbs contends bad faith does exist in this case, for the reasons outlined
10 on the record, the existence of bad faith is not necessary to exclude evidence. Rather, bad faith
11 appears more appropriately to be the litmus test for dismissal of charges. See *United States v.*
12 *Chapman*, 524 F.3d 1073, 1077-80 (9th Cir.2008) (affirming district court's dismissal of indictment
13 after the prosecutor failed to provide the defense *Brady* and *Giglio* material and repeatedly
14 represented otherwise to the court).

15 Exclusion of the government's DNA evidence *is* supported by *United States v. Nash*, 115
16 F.3d 143, 14391 (9th Cir. 1997), where the Ninth Circuit upheld exclusion of defendant's expert
17 testimony because the defendant failed to disclose the expert witness's existence and conclusion to
18 the government in accordance with the district court's discovery order. Exclusion is also supported
19 by *United States v. Grace*, 526 F.3d 499, 514 (9th Cir. 2008), where the Ninth Circuit affirmed the
20 district court's decision to limit the government to the witnesses it had identified when it originally
21 indicated it was prepared to trial. There, the Ninth Circuit found that, given the many discussions
22 the court had with counsel about the nature of the government's case and expressed concerns that the
23 government seemed unable to get its trial preparation under control, the government "it could hardly
24 have been a surprise that the court froze the witness list when and as it did." *Grace*, 526 F.3d at 514.

25 Applying *Nash*, *Grace*, and the *Maples* factors here requires exclusion of the DNA evidence
26 even if the Court is not prepared to find the government acted in bad faith. The parties have placed
27 on the record their respective time line of the events that occurred. The prejudice to Mr. Stubbs is
28 insurmountable at this point. Mr. Stubbs's brother, co-defendant Kevin Stubbs, who was charged

with possessing the same gun and against whom there a stronger case of guilt but no DNA evidence, has been acquitted.  To force Mr. Stubbs to now continue his trial, once again over his objection, to find, retain, and work with an expert to challenge the government's long-delayed DNA evidence is unjust, will violate his due process rights, and also violate his rights under the Speedy Trial Act.  As the Court indicated, *United States v. Dog Taking Gun*, 7 F.Supp.2d 1118 (D. Mont. 1998), held that, when the government fails to comply with the Rules of Criminal Procedure, the defendant should not suffer.  There, the lack of diligence by the FBI in processing evidence and the FBI's congested workload did not suffice to exclude time from the Speedy Trial computation "in the interests of justice."  The facts of this case likewise do not suffice to exclude time from the Speedy Trial act to force the continuance that would be necessary to allow Mr. Stubbs to prepare to defend against the government's late-provided DNA evidence.

Wherefore, in light of the foregoing arguments and authorities cited, this Court is asked to preclude the government from offering expert evidence as it may relate to DNA evidence in this case.

DATED this 25th day of April, 2014.

              Respectfully submitted,

              RENE L. VALLADARES
              Federal Public Defender

            By: */s/ William Carrico*
              WILLIAM CARRICO
              Assistant Federal Public Defender

            By: */s/ Shari L. Kaufman*
              SHARI L. KAUFMAN
              Assistant Federal Public Defender
              Counsel for Corey Stubbs

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Law Offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on April 25, 2014, she served a copy of the above and foregoing <u>MEMORANDUM IN FURTHER SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DNA EXAMINATION</u>, by electronic service (ECF) to the person named below:

>DANIEL G. BOGDEN
>United States Attorney
>ROBERT KNIEF
>Assistant United States Attorney
>333 Las Vegas Blvd. So. 5th Floor
>Las Vegas, NV 89101

>*/s/ Maribel Bran*
>Employee of the Federal Public Defender