# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>COREY STUBBS, et al.,<br><br>                     Defendants. | Case No. 2:13-cr-0381-APG-CWH<br><br>**ORDER DENYING AMENDED MOTION FOR RECONSIDERATION**<br><br>(Dkt. #122, 124)[1] |

The parties are familiar with the facts and procedural posture of this case, which will not be repeated in this Order.

The purposes of the Joint Discovery Agreement and Rule 16 of the Federal Rules of Criminal Procedure are to avoid surprise at trial, to promote early resolution of admissibility disputes, and to allow the parties time to properly prepare for trial. *United States v. Sabo*, 2008 WL 4224453 at \*1 (D. Nev. Sept. 9, 2008).

The Government twice announced it was ready for trial without the availability of the subject DNA evidence. Thus, it intended to try Mr. Stubbs without that evidence. The expert report regarding the DNA evidence was given to the United States Attorney's Office on April 21, 2014, and the Assistant United States Attorney assigned to this case immediately produced it to Mr. Stubbs' counsel. Subsequently, I gave the Government the choice of either (1) foregoing the use of the DNA evidence and proceeding to trial on April 28, 2014, or (2) using the evidence and delaying the trial so Mr. Stubbs could prepare to rebut that evidence. The Government was warned that a delay of the trial would not be excluded from the calculation of deadlines under the Speedy Trial Act because the delay in preparation of the DNA report was not Mr. Stubbs' fault.

---

[1] The Government's original Motion for Reconsideration (Dkt. #122) is superseded by its Amended Motion (Dkt. #124).

The Government chose to utilize the evidence, and the trial was delayed so Mr. Stubbs' counsel could prepare to rebut it.

The Government contends that the late disclosure of the DNA evidence and expert report does not constitute a violation of the Joint Discovery Agreement or Rule 16 because the final report was not in the possession of the United States Attorney until just before it was disclosed to Mr. Stubbs' counsel seven days before trial. Based on the evidence presented during the April 28, 2014 hearing and in Mr. Stubbs' Opposition to the Government's Amended Motion (Dkt. #125), on December 12, 2013, Metro Detective Farrington (apparently at the request of the Assistant United States Attorney) requested a rush analysis of the fingerprint evidence. (Dkt. #125-3 at 3.) For some reason, that request was canceled a few days later when the trial was continued. (Dkt. #125-4 at 2.) On February 4, 2014, a new request was made for expedited processing of the DNA and fingerprint evidence. (Dkt. #125-5 at 2.) The report was prepared by March 27, 2014, was subject to internal quality control review at Metro, and then was forwarded to Metro Detective Farrington on either March 27 or April 8, 2014, who was to provide it to the Assistant United States Attorney. Detective Farrington was on vacation and otherwise engaged, and apparently did not open the email forwarding the report until April 21, 2014. The DNA report could have been produced to Mr. Stubbs' counsel on the date it was received by Detective Farrington, but was not produced until April 21, 2014. Moreover, Mr. Stubbs' counsel contends that the Government "still has not . . . provided the remainder of the necessary Rule 16 discovery for the DNA results." (Dkt. #125 at 6:13-14.)

Even if this chain of events did not constitute a violation of the JDA or Rule 16 (which it does), Mr. Stubbs would be penalized if the DNA evidence was admitted without a delay of the trial because his counsel lacked sufficient time to prepare to rebut that evidence. Moreover, it would not be fair to Mr. Stubbs to have his speedy trial rights denied because the Government chose to proceed with trial using the late-produced evidence and report. District Judge Molloy addressed a very similar situation in *United States v. Dog Taking Gun*, 7 F.Supp.2d 1118 (D. Mont. 1988). In that case like this one, "[t]he Assistant United States Attorney is without blame

here, and there is no contention she was acting in bad faith. The problem stems from the explanation given by the FBI lab and its failure to diligently process the evidence the government had in its possession, custody, and control. . . .The long and the short of it is that the FBI is too busy." *Id.* at 1120.

> The Speedy Trial Act manifests a Congressional intent that the District Court practice of granting continuances as a matter of course is unacceptable. *United States v. Perez–Reveles,* 715 F.2d 1348, 1352 (9th Cir.1983). The purpose of the act militates against all but the most necessary delays. The Act prohibits excluding from time computations under the law, the delay caused by a continuance in two specific situations: (1) when it is sought because of general congestion of the trial court's calendar or (2) when it is sought by the government because of its lack of diligent preparation or its failure to obtain available witnesses. *United States v. Aviles,* 623 F.2d 1192, 1195 (7th Cir.1980).
>
> Since the Act explicitly rejects "general congestion of the Court's calendar" as a ground for an excludable continuance, it is unlikely that Congress meant congestion in the FBI lab to be a ground for excludable delay in granting a continuance. See, *United States v. Janik,* 723 F.2d 537, 543 (7th Cir.1983). Likewise, when the Act explicitly rejects lack of diligence in case preparation by the prosecuting attorney as a ground for excludable delay, it seems unlikely the Congress meant lack of diligence by the FBI lab would be an avenue to exclude time from the speedy trial computation.
>
> To accept the government's implicit rationalization of "the interests of justice" continuance in this case requires that I ignore the spirit, if not the letter, of 18 U.S.C. § 3161(h)(8)(C). Here the FBI, acting on behalf of the United States, had all the pertinent evidence in its possession, custody and control for over a year. What happened with the evidence may be explained by the FBI's workload. However, when balancing the demand of Congress that the Public and the Defendant have a statutory right to a speedy public trial, the rights of the defendant cannot be compromised by the Bureau's administrative processing of evidence. Thus, the Government either complies with the Rules of Criminal Procedure, or as here, when it fails to do so, the defendant cannot be charged with the problems of bureaucracy. The lack of diligence by the FBI in processing evidence, and the congested workload of the FBI lab do not constitute a factual basis to exclude time from the Speedy Trial computation "in the interests of justice." 18 U.S.C. § 3161(h)(8)(A).
>
> The delay caused by the continuance in this case is not excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(C), 18 U.S.C. § 3161(h)(8)(A).

*Id.* at 1121-22.

Here, for whatever reason, the Metro lab did not analyze the DNA and fingerprint evidence in a timely manner. Moreover, once the final report was available, it was not timely

provided to the Assistant United States Attorney for production to Mr. Stubbs' counsel. I find Judge Molloy's analysis persuasive. Given the short time frame Congress has provided in the Speedy Trial Act, the Government—and the law enforcement agencies it works with—must timely process the evidence it wishes to use at trial.

**IT IS HEREBY ORDERED** that the Government's Amended Motion for Reconsideration (Dkt. #124) is denied. The time between April 28, 2014 (the date the evidence was disclosed) through July 7, 2014 (the new trial date) is not excludable in calculating the time limits of the Speedy Trial Act.

Dated: May 13, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE