# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-0381-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| COREY STUBBS, et al., | |
| Defendants. | |

On April 9, 2014, the government provided to defendants a report detailing statements defendants allegedly made to Detective Farrington at the time of their arrest. (Dkt. #77-1.) The report states that defendant Corey Stubbs initially denied the subject weapon belonged to him, but later "tried to claim ownership" of the weapon. (*Id.*) According to the report, Detective Farrington did not believe Corey. (*Id.*)

Corey moved to exclude the statement because it was disclosed so close to trial. (Dkt. #77.) Corey argued that he "would have sought ... suppression of the statement created by Detective Farrington had the government timely disclosed it." (*Id.* at 5:7–8.)

Co-defendant Kevin Stubbs requested that the statement be admissible at trial, or otherwise that his trial be severed from Corey's and the evidence be admissible in his separate trial. (Dkt. #79.) The Government agreed to Kevin's request for severance and to have the evidence admitted at his trial, and did not object to Corey's request to preclude the evidence. (Dkt. #85.) Corey's trial was subsequently continued until July 7, 2014 for an unrelated reason.

At the July 2, 2014 calendar call, the Government asked to be able to offer the statement at Corey's trial because the prejudice from the late disclosure in April had dissipated. Corey objected, claiming reliance on the Government's previous agreement not to use the statement in Corey's trial back in April. Corey again argued that he would have filed a suppression motion if he knew the Government intended to offer the statement during the July trial. However, Corey's

alleged belief that the Government would not use the statement at trial is belied by statements made in his June 2, 2014 motion to dismiss. (Dkt. #129.) In that motion, Corey acknowledged that the Government may attempt to use the statement at the upcoming trial: "When Corey proceeds to trial in July of 214 (sic), he must now defend against . . . a statement he is alleged to have made inculpating himself." (Dkt. #129 at 14:19–21.)

Corey has been aware since April 9, 2014—and at least since June 2, 2014—of the possibility that the Government would offer the statement at his trial. I see no basis at present to suppress the statement.[1] However, if Corey wishes to file a motion to suppress the statement, he should do so immediately.[2]

Based on the foregoing, Corey's statement is not inadmissible due to late disclosure.

Dated: July 3, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Suppression of evidence is not necessarily warranted when discovery deadlines have not been met. *See, United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir. 1993).

[2] In his April 11, 2014 motion, Corey also stated that he "would have requested the Court subject Detective Farrington's representations to a *Franks* inquiry." (Dkt. #77 at 5:14–15.) It appears that such an inquiry, even if possibly relevant then, is no longer needed. On April 25, 2014, I granted Corey's motion to suppress the shotgun found in the house. (Dkt. #121.) I also denied the motion to suppress the DNA buccal swabs because probable cause existed to collect that evidence, even without Detective Farrington's statements. (*Id.*). Kevin and Corey, both convicted felons, were found in a car with one gun present. A reasonable person would believe there is a fair probability that evidence of the crime (e.g., evidence showing who possessed the gun) would be found by a DNA swab of the people sitting in the car. Thus, I see no basis for a *Franks* inquiry at this time.